UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CRIMINAL ACTION NO. 1:15CR-10-GNS

UNITED STATES OF AMERICA            PLAINTIFF

v.

BRADLEY BURTON BROWN            DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant, Bradley Burton Brown's ("Brown") Motion for Revocation of Detention Order and Request for Hearing. (Def.'s Mot. to Revoke Detention Order and Req. for Hr'g, DN 39). The motion has been fully briefed and is ripe for decision. For the reasons stated below, the motion is **DENIED**.

### I.    BACKGROUND

On April 15, 2015, a grand jury charged Brown with multiple counts of drug and conspiracy charges. (Indictment, DN 1). On April 25, 2015, the Magistrate Judge issued a Detention Order Pending Trial. (DN 25). On July 8, 2015, Brown filed a Motion to Revoke Detention Order and Request for Hearing. (Def.'s Mot. to Revoke Detention Order, DN 39). On July 27, 2015, the United States filed its response to Brown's motion (Pl.'s Resp. to Def's Mot. to Revoke Detention Order, DN 40).

The Magistrate Judge's Detention Order Pending Trial was based on findings in a hearing held on April 20, 2015. (Tr. 6-14, DN 36). The Magistrate Judge found that Brown had violated state court bond conditions in a matter related to the case by making contact with suspected drug associates in California. (Tr. 7:2-9, 14:12-19). Based on these findings, the Magistrate Judge

determined that Brown did not overcome the presumption in favor of detention based on the likelihood his release would cause danger to the community. (Tr. 14:12-19).

## II. STANDARD OF REVIEW

The statute requires the Court to use four factors in determining whether there are conditions of release that will "reasonably assure" the appearance of the Defendant and the safety of the community. *See* 18 U.S.C. § 3142(g). These four factors under Section 3142(g) include:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including—
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g)(1)-(4).

If the Court concludes that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the person shall be detained prior to trial. 18 U.S.C. § 3142(e). Such a finding must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f).

### III.  DISCUSSION

The Magistrate Judge's concerns regarding Brown's likelihood of injuring the community while on bond are well founded. The United States has presented clear and convincing evidence that Brown previously committed a bond violation. (Tr. 9-14). Specifically, Brown communicated with drug associates in California and sent money orders to California in order to further an alleged drug conspiracy to import methamphetamine into Kentucky. (Tr. 9-14). Therefore, it is apparent Brown has engaged in affirmative efforts to attempt to re-establish his drug contacts while on bond. (Tr. 9-14). Such conduct presents a sufficient danger to the community which warrants detention until trial. Brown argues that the risks of harm to the community could be mitigated through court imposed conditions, but Brown has been shown to disregard such conditions in the past. (Def.'s Mot. to Revoke Detention Order & Req. for Hr'g). In addition, as the Magistrate Judge noted, such conditions are likely to be ineffective at preventing Brown from re-establishing contact with his alleged co-conspirators for the purposes of trafficking drugs into the state. (Tr. 15:20-25).

Furthermore, while Section 3142(g) allows the court to consider additional factors such as Brown's ties to the community and lack of criminal history, these factors do not outweigh the fundamental concern that Brown has been charged with a crime involving a controlled substance and has proven unreliable in following bond conditions. His conduct poses a risk to the community and any conditions the Court may impose are unlikely to prevent this conduct. Finally, the Court finds no additional value in granting a hearing for this matter as the record indicates that Brown poses a significant risk to the community and may continue to disregard bond conditions. Therefore, the Court finds that Brown's Motion for Revocation of Detention Order and Request for Hearing is denied.

## IV. <u>CONCLUSION</u>

For the forgoing reasons, **IT IS HEREBY ORDERED** that Defendant Brown's Motion for Revocation of Detention Order and Request for Hearing (DN 39) is **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**
October 27, 2015

cc: counsel of record