UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CRIMINAL ACTION NO. 1:15-CR-10-GNS

UNITED STATES OF AMERICA            PLAINTIFF

v.

BRADLEY BURTON BROWN            DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a Motion to Suppress, Motion for Hearing, and Motion to Accept *Pro Se* Filing (DN 48) and Supplemental Motion to Suppress (DN 53) filed by Defendant Bradley Burton Brown. ("Brown"). The motions have been fully briefed and is ripe for decision. For the reasons stated below, the motions are **DENIED**.

### I. BACKGROUND

On April 15, 2015, a grand jury charged Brown with multiple counts of drug and conspiracy charges. (Indictment, DN 1). On August 28, 2015, Brown filed a *pro se* Motion to Suppress. (Def.'s Mot. to Suppress and Request for Hearing, DN 48 [hereinafter Def.'s Mot.]). Brown's attorney filed a Supplemental Motion to Suppress on October 9, 2015. (Def.'s Supplemental Mot. to Suppress, DN 53 [hereinafter Def.'s Suppl. Mot. to Suppress]). The United States filed its Response on September 14, 2015. (Pl.'s Resp. to Def.'s Mot. to Suppress, DN 50). The United States filed a second Response on October 23, 2015, responding to the additional arguments made in Brown's Supplemental Motion. (Pl.'s Second Resp. to Mot. to Suppress, DN 55 [hereinafter Pl.'s Resp.]).

The motion at issue arises from a search of Brown's residence which resulted in law enforcement finding incriminating evidence of drug and weapons possession as a user of a

controlled substance. (Indictment 1). On September 17, 2014, an Allen Circuit Court Judge issued two search warrants for Brown's residence. (Pl.'s Resp. 1). The first warrant authorized a search and seizure of a stolen Winchester rifle. (Pl.'s Resp. 1). The warrant was supported by the sworn affidavit of Detective Michael Wilson which was based on information received from witness Krista Cook ("Cook"). (Pl.'s Resp. 2). Clark witnessed a former boyfriend sell the stolen rifle to Brown in Brown's residence (Pl.'s Resp. 2). The firearm was recovered from Brown's residence on the same date the warrant was issued. (Pl.'s Resp. 2). Methamphetamine and numerous other firearms were also recovered from Brown's residence incident to that search. (Pl.'s Resp. 2). Based on the findings of the search, a second warrant was issued for a search of controlled substances in Brown's residence. The second search resulted in the seizure of additional firearms and evidence of drug distribution. (Pl.'s Resp. 3). Brown now moves to suppress this evidence as fruits of an unlawful search.

## II.     DISCUSSION

Defendant claims that evidence seized from his residence resulted from an illegal search and seizure under the Fourth Amendment. (Def.'s Mot 1). The Fourth Amendment to the United States Constitution governs searches and seizures. It provides as follows:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV.

Defendant makes multiple claims in this case. First, he argues the search warrant was not based upon probable cause. (Def.'s Mot. 5). Second, even if the warrant was issued upon probable cause, Defendant claims the scope of the warrant was exceeded. Finally, asserts that

2

enough evidence has been shown of constitutional violations that an evidentiary hearing is warranted. The Court considers each argument in turn.

      A.    **<u>The warrant was issued upon probable cause.</u>**

A law enforcement official seeking issuance of a search warrant must first establish that probable cause exists to justify the warrant. The Supreme Court has established a totality of the circumstances test for determining whether probable cause was established within the four corners of the affidavit for a search warrant. *Illinois v. Gates*, 462 U.S. 213, 239 (1983) ("The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, there is a fair probability that contraband or evidence of a crime will be found in a particular place.")

"To demonstrate probable cause to justify issuance of a search warrant, an affidavit must contain facts that indicate a fair probability that evidence of a crime will be located on the premises of the proposed search." *United States v. Abboud*, 438 F.3d 554, 571 (6th Cir. 2006) (quoting *United States v. Frazier*, 423 F.3d 526, 531 (6th Cir. 2005) (internal quotation marks omitted) (citation omitted). In order to establish probable cause to search, a warrant request must state a nexus between a place to be searched and the evidence sought. *United States v. Van Shutters*, 163 F.3d 331, 335-36 (6th Cir. 1998) (citations omitted). "The critical element in a reasonable search is not that the owner of property is suspected of crime but that there is reasonable cause to believe that the specific 'things' to be searched for and seized are located on the property to which entry is sought." *Zurcher v. Stanford Daily*, 436 U.S. 547, 556 (1978). "[A]ffidavit[s] should be reviewed in a commonsense—rather than a hypertechnical—manner, and the court should consider whether the totality of the circumstances supports a finding of probable cause, rather than engaging in line-by-line scrutiny." *United States v. Woosley*, 361

F.3d 924, 926 (6th Cir. 2004) (citation omitted). The issuing judge's determination is afforded "great deference" and is to be overturned only if made arbitrarily. *Id.* at 927 (citation omitted). Further, "it is well settled that in seeking suppression of evidence the burden of proof is upon the defendant to display a violation of some constitutional or statutory right justifying suppression." *United States v. Feldman*, 606 F.2d 673, 679 n.11 (6th Cir. 1979).

In this case, the warrant was issued based on probable cause. The warrant sets out the place to be searched (Brown's residence) and the thing to be seized (the stolen Winchester rifle). (Pl.'s Resp. Ex. 1, at 1-5, DN 55-2). The scope of this warrant was supported by the account of witness Cook, who established that the stolen rifle had been sold to Brown in his residence. (Pl.'s Resp. Ex. 1, at 3-5). Brown argues Cook is an unreliable witness and that the warrant was primarily issued based on her information. (Def.'s Supplemental Mot. to Suppress 2). The Sixth Circuit has granted great deference to the issuing judge when information comes from a known eyewitness rather than an anonymous tip. *United States v. Pelham*, 801 F.2d 875, 878 (6th Cir. 1986); *United States v. Miller*, 314 F.3d 265, 270 (6th Cir. 2002). "When a witness has seen evidence in a specific location in the immediate past, and is willing to be named in the affidavit, the totality of the circumstances presents a substantial basis for conducting a search for that evidence." *Pelham*, 801 F.2d at 878 (internal quotation marks omitted).

Cook saw evidence (the stolen gun) in a specific location (Brown's residence) six to eight weeks prior to the issuance of the warrant. (Pl.'s Resp. Ex. 1 at 2-5). Brown claims that officials were required to independently verify the information Cook provided before initiating a search, citing *United States v. Weaver*, 99 F.3d 1372 (6th Cir. 1996). (Def.'s Mot. 9). The Sixth Circuit has limited the holding in *Weaver* to the facts of that case. *United States v. Allen*, 211 F.3d 970, 974 (6th Cir. 2000) ("*Weaver*'s holding that the uncorroborated search warrant was defective is

limited to the facts of that case."). Brown has not established this case is in any way comparable to the facts in *Weaver* and therefore this argument is misguided. *Weaver* involved an informant's tip which was based upon an unsubstantiated belief defendant was growing marijuana in his residence rather than a personal observation of the criminal activity needed to support the warrant. *Weaver*, 99 F.3d at 1380. Here, Cook personally observed the weapons transaction in Brown's home and therefore *Weaver* is inapplicable. *Allen*, 211 F.3d at 974.

Furthermore, officers *did* corroborate Cook's reliability. Cook had previously given law enforcement information which ultimately led to the recovery of a stolen vehicle. (Pl.'s Mot. 9-10). Cook described that Brown had received a stolen 30-30 rifle in a leather sheath and that Brown had purchased it from her former boyfriend in Brown's residence. (Pl.'s Mot 10). Cook stated the transaction had taken place six to eight weeks prior to reporting the event to law enforcement. (Pl.'s Mot. 11). Law enforcement verified that a 30-30 rifle in a leather holster had been reported stolen in the area seven weeks previously by the brother of Cook's former boyfriend. (Pl.'s Mot. 11). These findings were more than sufficient to establish Cook's credibility and warranted a finding of probable cause that this stolen rifle would be found in Brown's residence.

Brown claims that the six to eight weeks between the issuance of the warrant and the time Cook saw Brown receive the rifle makes any information received from her "stale" and insufficient to establish probable cause. (Def.'s Supplemental Mot. to Suppress 4). In assessing the staleness of information supporting a search warrant, the Supreme Court in *Abboud* identified four factors to consider: (1) the character of the crime; (2) whether the criminal is nomadic or entrenched; (3) whether the evidence is perishable or durable; and (4) whether the place to be searched is a place of convenience or a secure operational base. *Abboud*, 438 F.3d at 572.

5

Defendant argues that the warrant is stale under the *Abboud* factors, but cites no authority whatsoever. By contrast, the United States cites several cases involving motions to suppress firearms when the lapse between the observation and the warrant far exceeded the six to eight week gap in the present case. (Pl.'s Resp. 15 (citing *United States v. Goodwin*, 552 F. App'x. 541, 544-45 (6th Cir. 2014) (five-month time period between the theft and recovery of a machine gun was not stale); *United States v. Vanderweele*, 545 F. App'x. 465, 469 (6th Cir. 2013) (information up to seven months old was not stale in allowing search of residence for silencer which was held to be equivalent to a gun); *United States v. Lancaster*, 145 F. App'x. 508, 512-13 (6th Cir. 2005) (two-year-old information that defendant was seen firing a machine gun was not stale); *United States v. Pritchett*, 40 F. App'x. 901, 905-06 (information about weapon in a home was not stale after four months) (6th Cir. 2002)). Consistent with these holdings, this Court finds that an eight-week period between the time Cook saw the stolen gun sold in Brown's home and the issuance and execution of the warrant is insufficient to render Cook's information stale.

### B. Defendant has presented no evidence the scope of the warrant was exceeded.

Brown also claims that law enforcement exceeded the scope of the warrant. (Def.'s Supplemental Mot. to Suppress 5). Brown claims that while searching for the stolen rifle, officers searched under a "turned over ashtray" and "seized a bottle to examine the contents thereof." (Def.'s Suppl. Mot. to Suppress 5). Defendant alleges methamphetamine was found under this overturned ashtray and therefore officers exceeded the scope of the search warrant, but cites no such evidence indicating that the officers found methamphetamine under an ashtray. (Def.'s Suppl. Mot. to Suppress 5). Defendant has the burden of proof to establish that the scope of the warrant was exceeded in this case and has failed to produce any evidence that the officers searched under an ashtray to find incriminating evidence. *See Rodriguez-Suazo*, 346 F.3d at 648.

Therefore, while searching for a stolen rifle under an ashtray very well might exceed the scope of the warrant, Brown has not established that this behavior occurred. Thus, Brown has not met his burden in establish the scope of the warrant was exceeded.

      **C.**      **The good faith exception to the exclusionary rule applies.**

Even if Brown could establish the warrant was defective, the good faith exception to the Fourth Amendment would apply. *United States v. Leon*, 468 U.S. 897, 922 (1984). "It is well established that the Fourth Amendment exclusionary rule does not apply in cases where law enforcement officers reasonably rely in good faith upon a search warrant, even if that warrant is ultimately found to be invalid." *United States v. Hammond*, 351 F.3d 765, 773 (6th Cir. 2003) (citation omitted). There are four situations in which the good faith exception does not apply: (1) the supporting affidavit contained knowing or reckless false information; (2) the issuing magistrate failed to act in a neutral and detached fashion and acted merely as a rubber stamp for the police; (3) the supporting affidavit did not provide a substantial basis for a determination of probable cause; or (4) the officer's reliance on the warrant was neither in good faith nor objectively reasonable. *Id.* at 773-74.

Defendant has not established the warrant was defective and, even if he had, the facts of this case do not indicate circumstances which would avert application of the good faith exception to the exclusionary rule. While Brown has attacked the validity of the warrant and the scope of the search conducted, no evidence has been cited to negate the executing officers' reasonable and good faith reliance on the search warrant. Further, no facts indicate the issuing magistrate failed to act in a neutral and detached fashion. Therefore, the Court must deny Defendant's motion to suppress.

      **D**.      **Defendant is not entitled to a hearing on this matter**

The Sixth Circuit has found that the Court must grant an evidentiary hearing regarding a motion to suppress under limited circumstances:

> Where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment, as incorporated in the Fourteenth Amendment, requires that a hearing be held at the defendant's request.

*Franks v. Delaware*, 438 U.S. 154, 155-56 (1978).

Defendant has not made any substantial preliminary showing, nor has he provided support that any false statement was included in the warrant or that any such false statement was the basis for a finding of probable cause. For this reason, the Court denies Defendant's request for a hearing.

### III. CONCLUSION

For the forgoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Suppress, Motion for Hearing, and Motion to Accept *Pro Se* Filing (DN 48) and Supplemental Motion to Suppress (DN 53) are **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**
December 17, 2015

cc: counsel of record